UNITED STATES DISTRICT COURT  CG7285
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELINDA THOMPSON,<br><br>          Plaintiffs,<br><br>    -against-<br><br>THE CITY OF NEW YORK, P.O. JOHNPAUL PENNACCHIA and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.<br><br>          Defendants. | **COMPLAINT<br>AND DEMAND FOR<br>JURY TRIAL** |

Plaintiff, MELINDA THOMPSON, by her attorneys, MYERS SINGER & GALIARDO, LLP, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. JOHNPAUL PENNACCHIA and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff was and is a resident of New York, New York.

7. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, P.O. JOHNPAUL PENNACCHIA and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police

Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On May 2, 2015, at approximately 12:20 a.m., Plaintiff MELINDA THOMPSON, a 35 year-old gainfully woman with no criminal record was a rear-seat passenger in a car being driven by a friend in or about Seventh Avenue and 125th Street, New York, New York.

12. Plaintiff was seated next to her cousin and two teenaged nephews. A girl friend of the driver sat in the front passenger seat. The group was on their way home.

13. At about this time, for unknown reasons, defendant police officers in a marked police car used a loud speaker and directed the driver of the host vehicle to pull over.

14. The driver complied, but shortly after stopping the vehicle, he exited the vehicle and attempted to leave the location on foot. He was quickly stopped and apprehended by the defendant police officers.

15. The defendant police officers took the driver in custody and drew their guns upon him, prompting the driver's girlfriend to exit the vehicle from the front seat and implore the officers, "please, don't shoot him!"

16. At this point, the defendant officers directed the rear seat passengers of the car to exit the vehicle.

17. Plaintiff complied with the directive and stood alongside the vehicle with her two young nephews.

18. The driver of the vehicle was placed under arrest.

19. Plaintiff's cousin had a verbal dispute with the police officer's concerning the arrest of the driver as well as the behavior of the arresting officers.

20. Plaintiff's cousin was then placed under arrest.

21. Plaintiff was approached by one of the officers and asked where their group had been headed.  Plaintiff informed that officer that they were driving to take the kids home.

22. Plaintiff MELINDA THOMPSON asked why her cousin was being arrested.

23. Without warning, a second police officer approached and unjustly and without probable cause arrested Plaintiff.

24. The police officer forcibly took Plaintiff into custody and applied handcuffs too tightly on Plaintiff's wrists.  When Plaintiff complained, the officer told her to "shut the fuck up!"

25.  Plaintiff was transported to the Precinct and was charged with Obstruction of Governmental Administration in the Second Degree.

26. The defendant Police Officers filed false and misleading reports to support the arrest charges, including the false allegation that Plaintiff attempted pull defendant P.O. JOHNPAUL PENNACCHIA's arm to prevent him from arresting her cousin.

27. On or about May 3, 2015, Plaintiff was arraigned in New York County Criminal Court under Docket Number 2015NY027368. The plaintiff was released on her own recognizance.

28. The Plaintiff made a number of court appearances while awaiting the opportunity to contest the charges against the Police Officers at trial.

29. On or about December 7, 2015, Plaintiff consented to an Adjournment Contemplating Dismissal ("ACD").

30. All charged against Plaintiff were dismissed and sealed on June 6, 2016.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

31. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 30 with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

33. All of the aforementioned acts deprived Plaintiff MELINDA THOMPSON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

34. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

37. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

38. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 37 with the same force and effect as if fully set forth herein.

39. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF:
## FALSE AREST UNDER 42 U.S.C 1983

40. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

41. As a result of Defendants' aforementioned conduct, Plaintiff MELINDA THOMPSON was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

42. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and she was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

43. As a result of his false arrest, Plaintiff MELINDA THOMPSON was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of members of the community.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

44. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 43 with the same force and effect as if fully set forth herein.

45. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

46. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

48. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

49. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

50. The criminal proceedings were terminated in favor of Plaintiff, when the charges against her were dismissed and sealed.

### FIFTH CLAIM FOR RELIEF: EXCESSIVE FORCE UNDER 42 U.S.C. 1983

51. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 50 with the same force and effect as if fully set forth herein.

52. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

53. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable and unprovoked.

54. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bruising and swelling about her body, including her wrists due to the excessive use of force in the application of handcuffs.

55. All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York and they are liable for said damage.

### SIXTH CLAIM FOR RELIEF: MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. 1983

56. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 55 with the same force and effect as if fully set forth herein.

57. Defendants issued legal process to place Plaintiff under arrest.

58. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

59. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

## SEVENTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

60. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 59 with the same force and effect as if fully set forth herein.

61. Defendant Police Officers P.O. JOHNPAUL PENNACCHIA and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), arrested Plaintiff despite a complete lack of evidence against her, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

62. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

63. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

64. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

65. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

66. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

69. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

70. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

71. All of the foregoing acts by Defendants deprived Plaintiff MELINDA THOMPSON of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure, arrest and imprisonment not based upon probable;

    c. To be free from unwarranted and malicious criminal prosecution;

    d. To be free from assault and/or excessive force;

    e. To be free from cruel and unusual punishment; and

    f. To receive equal protection under the law.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff MELINDA THOMPSON demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:    New York, New York
                January 30, 2017

Respectfully submitted,

_____
Christopher D. Galiardo (CG7285)

MYERS SINGER & GALIARDO, LLP
*Attorneys for Plaintiff*
299 Broadway, Suite 200
New York, New York 10168
(212) 986-5900